IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN HENRY WILSON, #01840899 § | | |
| Petitioner § | | |
| § | | |
| v. § | | 3:13-CV-4154-N-BK |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 2003, Petitioner pled guilty to evading arrest and was sentenced to six years imprisonment. *State v. Wilson*, No. F03-48097 (363rd Judicial District Court, Dallas County, 2003). He did not appeal. (Doc. 3 at 3). Then, in 2013, he was convicted of murder and sentenced to 45 years' imprisonment in *State v. Wilson*, No. F12-55608 (282nd Judicial Dist. Court, Dallas County, Feb. 24, 2013). (Doc. 8 at 2). Afterward, Petitioner unsuccessfully sought state habeas relief in connection with his 2003 conviction. *Ex parte Wilson*, No. WR-80,056-01 (Tex. Crim. App. Aug. 28, 2013) (dismissed because sentence was discharged). On October 11, 2013, Petitioner filed this federal petition, challenging the legality of his 2003 sentence and claiming ineffective assistance of counsel. (Doc. 3 at 7).

## II. ANALYSIS

A federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see Maleng v. Cook,* 490 U.S. 488, 490 (1989). A petitioner satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time he files a section 2254 petition. *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968). While actual physical detention is not required, there must be some restraint on the liberty of a person to be "in custody." *Maleng*, 490 U.S. at 491. Generally "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

Here, Petitioner is not currently in custody pursuant to the 2003 judgment for evading arrest, but is instead in state custody serving the 45-year sentence for murder. (Doc. 8 at 1-2). He admits completing the 2003 six-year sentence in 2009. *Id.* at 2. Moreover, even if his 2003 state conviction was used to enhance his current state sentence, he cannot satisfy the custodial prerequisite necessary to confer jurisdiction under section 2254. *See Maleng*, 490 U.S. at 492 (once sentence has expired, the petitioner does not remain "in custody" merely because of possibility that his conviction will be used to enhance a subsequent sentence). Therefore, this habeas petition should be dismissed for want of jurisdiction. *See Clark v. Jarvis,* No. 3:11-CV-3567-M-BK, 2012 WL 1065467 (N.D. Tex., Dallas Div.)*, recommendation accepted,* 2012 WL

1065465 (N.D. Tex. 2012) (dismissing habeas petition because the petitioner was not in custody under state conviction used to enhance federal sentence that he was serving).[1]

In *Maleng*, 490 U.S. at 493-94, and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a section 2254 petition could be construed as asserting a challenge on a current sentence enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence. *See also Pleasant v. State of Texas*, 134 F.3d 1256, 1258-59 (5th Cir. 1998) (per curiam).

This Court, however, declines to re-characterize the section 2254 petition as a challenge on Petitioner's current sentence as enhanced by the 2003 conviction. First, Petitioner does not allege that his 2003 conviction was used to enhance his 45-year sentence for murder. Second, even assuming enhancement, a direct appeal is presently pending in the murder case. *See Wilson v. State*, No. 05-13-00234-CR (Tex. App., Dallas) (pending). Therefore, even if Petitioner's section 2254 petition were re-characterized to challenge his 45-year sentence for murder, the Court would still dismiss the case for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c) (a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).[2]

---

[1] In addition, because Petitioner's state habeas application was dismissed as non-complying, his claims remain unexhausted.

[2] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** without prejudice for lack of jurisdiction.

SIGNED November 8, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE